UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff/Respondent,          Case No. 17-CR-20386
                                            18-CV-11421
v.                                     HON. GEORGE CARAM STEEH

D-1 MAURICIO HERNANDEZ-
JIMINEZ,

    Defendant/Petitioner.

_____/

ORDER DENYING PETITIONER'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. 43)

Now before the court is Defendant-Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government filed a response and Petitioner requested a time extension for the filing of his reply which this court granted. However, Petitioner never filed a reply and the time period for doing so has expired. Because Petitioner has failed to show ineffective assistance of counsel, Petitioner's motion will be denied.

# I. Background

On September 21, 2017, Petitioner pleaded guilty to two drug counts: (1) conspiracy to distribute one kilogram of heroin and 500 grams of cocaine, in violation of 21 U.S.C. § 846 and 841(a)(1); and (2) possession with intent to distribute one kilogram of heroin and 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). In exchange for his guilty plea, the government dismissed the charge for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) which carried a penalty of five-years which would have been consecutive to the sentence for his drug counts.

As part of his guilty plea, Petitioner agreed that he would not appeal so long as he received a 10-year sentence. (R. 25 at PgID 73; R. 41 at PgID 172). At his guilty plea hearing, Petitioner stated that he understood he would receive "a minimum penalty of 10 years in prison." (R. 41 at PgID 168). Petitioner was sentenced to 10- years on the two drug counts to be served concurrently. (R. 38 at PgID 120).

In his motion to vacate, set aside, or correct sentence, Petitioner argues his counsel was ineffective for two reasons: (1) she allegedly prevented him from obtaining relief under the safety valve provision of United States Sentencing Guideline ("U.S.S.G.") § 5C1.2 because he

alleges he received an enhancement under U.S.S.G. § 3B1.1; and (2) she did not file a notice of appeal. Both arguments lack merit.

## II. Standard Of Review

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law ... so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (internal quotations and citations omitted).

## III. Analysis

To prevail in an ineffective assistance of counsel claim, Petitioner has the burden to show that his attorney provided "deficient performance" and that he was prejudiced by that deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Huff v. United States*, 734 F.3d

600, 606 (6th Cir. 2013). The court considers Petitioner's two claims of ineffective assistance of counsel below.

A. *Safety Valve Relief*

First, the court considers Petitioner's claim that his counsel was ineffective because he incorrectly received an offense enhancement under U.S.S.G. § 3B1.1 and this enhancement allegedly prevented him from obtaining safety valve relief under U.S.S.G. § 5C1.2. The safey valve allows a defendant, who was not the organizer, manager or leader of others in the offense, to a reduced sentence if, among other requirements, the defendant "truthfully provid[es] to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The record shows, however, that Petitioner did not receive an offense enhancement, and that he was not eligible for the safety valve relief, which because he possessed two guns in furtherance of his drug trafficking offenses. Under the Sentencing Guidelines, a defendant is not entitled to safety valve relief if he "possess[ed] a firearm or other dangerous weapon" in connection with his drug offense. U.S.S.G. § 5C1.2(a)(2). In addition, the government argues the safety valve provision would not apply to Petitioner as he did not truthfully provide all

information about his drug trafficking crimes. *See United States v. Acevedo-Fitz*, 739 F.3d 967, 972 (7th Cir. 2014).

The record reflects that Petitioner did not receive an offense enhancement under U.S.S.G. § 3B1.1. The Pre-Sentence Report ("PSR") states that there was no adjustment for Petitioner's role in the offense and there were no objections to the PSR. (PSR at ¶ 22). The Plea Agreement also reflects that there were no offense enhancements. (R. 25 at PgID 76). The court adopted the PSR and the offense level within it, without changes. Petitioner's counsel was effective because she negotiated a plea without the § 924(c) count which allowed him to avoid an additional 5-year sentence. Because Petitioner was not entitled to safety valve relief, his attorney was not deficient for failing to obtain such relief on his behalf.

B. *Failure to Appeal*

The court next considers whether Petitioner's counsel was deficient for failing to file a notice of appeal. Petitioner does not allege that he asked his attorney to file a notice of appeal, nor does he allege that she failed to consult with him about doing so. When a defendant does not ask his attorney to file a notice of appeal, the first question is "whether the attorney 'consulted' with the defendant about the benefits and drawbacks of bringing an appeal." *Regalado v. United States*, 334 F.3d 520, 525 (6th

Cir. 2003). When consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to the appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). But "an attorney's performance is not per se deficient simply because [s]he does not consult with [her] client about the benefits and drawbacks of an appeal." *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (citing *Roe*, 528 U.S. at 477). In order to prove deficient performance for failing to consult with her client about an appeal, the defendant must show either "(1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 480. Petitioner has satisfied neither prong here.

First, Petitioner has not even alleged that he told or suggested to counsel in any way that he was interested in filing an appeal. Second, Petitioner has not shown that a rational defendant would want to appeal. Petitioner pleaded guilty knowing that he would receive a 10-year sentence and that he waived his right to appeal so long as he received a 10-year sentence. (R. 25 at PgID 70, 73). At the plea hearing, the court asked Petitioner if he understood that he would receive "a minimum penalty of 10 years in prison," and he said that he did. (R. 41 at PgID

168). The court asked the prosecutor if Petitioner was eligible for the safety valve provision, the prosecutor informed the court that he was not, and confirmed with Petitioner that he would receive a 10-year sentence:

| | |
|---|---|
| Court: | Is Mr. Hernandez-Jiminez eligible for the safety valve? |
| Prosecutor: | No, your Honor. |
| Court: | So you understand that the Court will be obliged to order at least 10 years in prison if I accept your plea, you understand that? |
| Defendant: | Yes. |

*Id.* at PgID 169. The court then confirmed a third time that Petitioner understood he would receive a 10-year sentence if the court accepted the plea agreement. *Id.* at PgID 172-73. The court asked Petitioner if he understood that he waived his right to appeal if he received a 10-year sentence, and he affirmed that he did. *Id.* at PgID 173.

The government filed a sentencing memorandum which explained that Petitioner was ineligible for the safety valve because he possessed a gun in connection with his offense, and asked the court to impose the 10-year mandatory minimum term of imprisonment. (R. 32 at PgID 102-03). At sentencing, both parties jointly asked the court to impose the 10-year mandatory minimum. (R. 42 at PgID 186-87). The court did so. *Id.* at

PgID 187.  The court reminded Petitioner that he had waived the right to appeal.  *Id.* at PgID 190.

Under these circumstances, no rational defendant would want to appeal.  There were no nonfrivolous grounds for appeal, notwithstanding the appeal waiver.  *Roe,* 528 U.S. at 472.  Petitioner waived the right to appeal, was reminded of his waiver at both his plea hearing and at sentencing, showed no interest in filing an appeal, and does not even claim in his § 2255 petition that he asked his attorney to do so.  (R. 41 at PgID 172-73, R. 42 at PgID 190).  Moreover, an effective attorney would discourage Petitioner from appealing his sentence because of the risk the government might seek to reinstate the dismissed § 924(c) charge and resulting 5-year mandatory sentence.  In sum, Petitioner has not shown that his attorney acted deficiently by failing to file a notice of appeal where he did not request that she do so, he waived his right to appeal if he received a 10-year sentence which he did, and there was no nonfrivolous grounds for appeal.

    C.    *Evidentiary Hearing*

Petitioner has requested an evidentiary hearing, but there are no facts in dispute, and the record conclusively shows that Petitioner is not entitled to relief.  *See Smith v. United States,* 348 F.3d 545, 550 (6th Cir.

2003). Accordingly, Petitioner's request for an evidentiary hearing is DENIED.

For the reasons set forth above, IT IS ORDERED that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 43) is DENIED.

The court declines to issue a certificate of appealability, because Petitioner has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

SO ORDERED.

Dated: February 6, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 6, 2019, by electronic and/or ordinary mail and also on Mauricio Hernandez-Jiminez #55652-039, FCI Allenwood Low, P.O. Box 1000, White Deer, PA 17887.

s/Marcia Beauchemin
Deputy Clerk